FUGGI LAW FIRM, P.C.
ROBERT R. FUGGI, JR., ESQ.
ATTORNEY ID: 037581992
47 MAIN STREET
P.O. BOX 1808
TOMS RIVER NJ 08753
T: 732-240-9095
F: 732-240-9072
ATTORNEYS FOR PLAINTIFF

| | |
|---|---|
| A.D.<br><br>Plaintiff,<br><br>v.<br><br>Stockton University; Stockton University Board of Trustees; Evan Robins; Andrew and Michele Robins; John Does (1-20)(Fictitious Individuals); A-Z OWNER CORPORATIONS (1-20)(Fictitious Corporations)<br><br>Defendant(s). | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br><br>Civil Action<br><br>Case No.:<br><br>_____<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL; DESIGNATION OF TRIAL COUNSEL; PLAINTIFF'S DEMAND FOR DAMAGES; DEMAND FOR ANSWERS TO INTERROGATORIES; AND NOTICE TO PRODUCE |

Plaintiff, A.D. by and through her attorneys, the Fuggi Law Firm, hereby files the following Complaint against Defendants as captioned above. Methodologies

## PARTIES

1. Plaintiff A.D. is a female who at the time of the events complained of herein was a student at Stockton University.

2. At all material times Plaintiff was attending Stockton University and now maintains a residence in Pennsylvania.

1

3. The Defendant Stockton University is located in Galloway Township in Atlantic County, New Jersey, and is a public undergraduate and graduate university of the arts, sciences and professional studies of the New Jersey state system of higher education.

4. At all material times, assailant Evan Robins was a student of Stockton University. On at least one occasion the Defendants engaged in unlawful sexual harassment against the plaintiff A.D. without her consent.

5. At all material times, the Title IX Coordinator of Stockton University was an agent and/or employee of Defendant Stockton University, acting or failing to act within the scope, course, and authority of her employment and her employer.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1331, which gives district courts jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.

2. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §1343, which gives district courts original jurisdiction over (a) any civil action authorized by law to be brought by any person to redress the deprivation, under color of any State Law,

statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; and (b) any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of the civil rights.

3. Plaintiff brings this action to redress a hostile educational environment pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. §1681(a), as more fully set forth herein.

4. This is also an action to redress the deprivation of Plaintiff's constitutional rights under the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. §1983.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), since all defendants reside or resided in this district and the events giving rise to the claims occurred in this district.

## APPLICABLE LAW AND POLICY

6. Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. §1681(a), states that No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefit of, or be subjected to discrimination

under any education program or activity receiving Federal financial assistance. . . .

7. Title IX is implemented through the Code of Federal Regulations. See 34 C.F.R. Part 106.

8. 34 C.F.R. §106.8(b) provides: . . . A recipient shall adopt and publish grievance procedures providing for prompt and equitable resolution of student and employee complaints alleging any action which would be prohibited by this part.

9. In Gebser v. Lago Vista Independent School District, 524 U.S. 274 (1988), the United States Supreme Court recognized that a recipient of federal educational funds intentionally violates Title IX, and is subject to a private damages action, where the recipient is "deliberately indifferent" to known acts of teacher-student discrimination.

10. In Davis v. Monroe County Board. of Education, 526 U.S. 629 (1999), the United States Supreme Court extended the private damages action recognized in Gebser to cases where the harasser is a student, rather than a teacher.

11. Davis held that a complainant may prevail in a private Title IX damages action against a school district in cases of student-on-student harassment where the funding recipient is a) deliberately indifferent to sexual harassment of which the recipient has actual knowledge, and b) the harassment is so

4

severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school. Davis, 526 U.S. at 1669-76.

12. The Fourteenth Amendment to the United States Constitution provides in pertinent part that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, §1.

## STATEMENT OF FACTS

13. A.D. was an incoming Freshman at Stockton University in August 2012.

14. As part of her enrollment at Stockton University, A.D. was required to participate in Welcome Week, where Freshman are required to meet one another and participate in team building exercises.

15. One of the required events in which Stockton University freshman students partake in is a scavenger hunt.

16. For the scavenger hunt, students were to assemble teams with a minimum number of people. A.D. noticed that her group needed one more additional person to meet the required amount of participating students. A.D. noticed that Evan, a fellow Stockton University student, did not have a team.

17. A.D., due to her previous experience working with children with special needs, took immediate notice that Evan had Autism.

18. As someone who had this experience assisting individuals with Autism, A.D. understood the special attention that someone such as Evan demanded.

19. A.D. requested to the other students that Evan be able to join their group, to which they all agreed.

20. Unfortunately, despite A.D.'s good intentions, Evan became very fixated on and obsessed with A.D. from that point forward and began to stalk her.

21. A few days after the scavenger hunt took place, A.D. ran into Evan in the Stockton University cafeteria. Evan and A.D. exchanged a few words and then each went on their way. At the time, A.D. did not think anything unusual regarding the encounter.

22. But then, two days following the first encounter at the Stockton University cafeteria, A.D. once again ran into Evan in the cafeteria.

23. Evan would always use the Stockton University cafeteria as a place to stalk A.D., as Evan knew that she ate all of her meals at the Stockton University cafeteria.

24. Immediately, Evan approached A.D. asking her for her personal information: her dorm room location, her full name, and other

private contact information. The Plaintiff was very concerned by Evan's request and did not comply because she felt threatened and intimidated by the unusual request.

25. Because of her refusal, Evan grew frustrated with A.D. and again demanded that he needed all of her personal information. Evan claimed that it was part of his therapy to help him make friends.

26. While A.D. was sympathetic to Evan's condition, she did not feel comfortable giving out her personal information to someone she had just met and refused to.

27. Evan, at this point, became visibly frustrated, he then began to mumble under his breath and clench his fist in a violently threatening manner.

28. In hopes of deescalating the situation and to avoid any other confrontations, A.D. left the Stockton University cafeteria.

29. The next day A.D. attended her job in the Counseling Center of Stockton University Community Center. A.D. expressed her concerns regarding the encounter with Evan to her co-workers.

30. A.D. presumed that Evan, as a result of his Autism, received special accommodations through the Disability Office, which was located within the counseling office. A.D. had expressed her

concerns with her coworkers in the Disability Office. They assured A.D. that they would discuss Evan's behavior with him.

31. Despite these assurances however, in the following weeks, there were numerous occasions where Evan would follow A.D. in the Stockton University cafeteria. After several incidents, it was clear that Evan began stalking her in a violent and harmful manner.

32. Eventually, after Stockton University failed to do anything to prevent or stop the assailant Evan from sexually harassing A.D. the stalking turned to threats of serious violence.

33. One night after eating dinner with friends in the Stockton University cafeteria, Evan pursued A.D. out of the cafeteria and began to attack her. A.D. was forced to run into the nearest building and locked herself in the girl's bathroom stall after he tracked and followed her into the building. A.D. only escaped harm because one of her friends saw Evan chasing her and was able to barricade the women's bathroom door denying him access. They had to wait for Evan to leave before they could come out.

34. After this threatening incident, A.D. was left with no choice but to call the Stockton University Police Department to report Evan's attack.

35. The Stockton University Police filed an incident report but referred A.D. to the Stockton University Complex Director, who

then in turn referred A.D. to the Office of Student Responsibility.

36. A.D. did not hear back from any Stockton University police officers concerning the outcome of her report.

37. The Stockton University Office of Student Responsibility held a Title IX hearing by conducting a Campus Board Hearing with A.D., Evan, his parents, and A.D.'s parents present. The Stockton University officer who filed the report was present at the hearing as well.

38. At the Board Hearing, A.D. recounted her encounter with Evan and the hell she had been enduring as a result of his stalking and threatening her.

39. However, Evan was then given an opportunity to read a statement. He proceeded to recite a statement which left A.D. terrified. In his horrifying statement, Evan detailed his desire to inflict harm on A.D. Evan stated that he wanted to punch A.D. in her scars, beat her, and then he wanted to kill himself because A.D. wasn't giving him attention.

40. A.D. recalls that she had never in her life been more fearful for her own safety and welfare and was fearful for her life at Stockton University because they did nothing to protect her.

41. A.D.'s parents were not afforded the opportunity to speak at the hearing, despite having a desire to do so. They wanted to

determine what had transpired with their daughter and the effects it had on her.

42. However, despite Evan's direct criminal statements of intent to physically harm and assault A.D., Stockton University took no major disciplinary action against Evan. The University simply requested that Evan stay away from A.D.

43. Furthermore, Stockton University neither made an offer to A.D. for any additional protection nor offered to make her any special accommodations for her disability.

44. However despite the schools warnings to Evan, he continued to stalk and harass A.D.

45. Stockton University failed to protect A.D. and she had now become fearful of being anywhere on the Stockton University Campus alone, so she would only go to the University cafeteria with friends.

46. Unfortunately, even these precautions couldn't keep A.D. safe from Evan. A.D., fearful for her safety, had no other choice but to proceed with filing criminal charges against the assailant with the Stockton University Police Department.

47. The assailant Evan was charged with 4th degree harassment and civil disobedience. He was ordered to complete community service at Stockton University and to participate in counseling. A "No-Contact" Order was also issued against the assailant Evan.

48. But, the very next day after the "No-contact" order was issued, A.D. was eating in the cafeteria, with her friends, when Evan saw and began approaching A.D. in the cafeteria. She was so uncomfortable that she decided to leave at once. Standing outside the entrance of the cafeteria, Evan ran outside and assaulted A.D. by forcefully hitting her. It was only due to her friends catching her that she did not fall to the ground.

49. A.D. has been diagnosed with Cerebral Palsy which affects her ability to walk and ambulate. It is difficult for her to move quickly and she often has to take breaks when ascending or descending stairs. This made her stalking and attacks by Evan all the more challenging for her.

50. After this encounter with Evan outside the Stockton University Cafeteria, A.D., she attempted to get the Stockton Police to enforce the "No-Contact" order; however, they would not do so.

51. Stockton University kept failing to keep Evan away from A.D. and allowed another terrifying incident to occur when Evan attacked A.D. in a hallway screaming at her. A.D. was forced to go into the nearest empty classroom for shelter and safety. She had to hide from her assailant until it was safe for her to leave.

52. Eventually A.D. was forced to eat all of her meals at the Stockton University Campus Center because most incidents

11

involving Evan occurred at or near the main cafeteria on Stockton University's Campus. A.D. lived in fear for her life

53. Eventually, A.D.'s friends, were so concerned and fearful for her safety, would not allow A.D. to eat or walk on Stockton University's campus alone at any time in fear of what the assailant Evan would do to her.

54. Evan, as part of his charge for harassment and civil disobedience, was sentenced to participate in counseling. However, Stockton University-intentionally and in violation of the "No-Contact" order A.D. had against Evan, arranged for Evan to complete the entirety of his community service at the Counseling Center of Stockton University Community Center. This is the same Community Center where A.D. was employed.

55. Not only was Evan scheduled to work at the Community Center where A.D. also worked, but Evan was also scheduled to come into the office to complete his community service hours, related to the stalking and harassment of A.D., at the same times that A.D. would be working in the same office.

56. Stockton University, instead of protecting their student victim, when A.D. expressed her concerns and fears about Evan working in such close proximity to her, she was summarily dismissed by Stockton University.

57. Roseanne Stollenwerk, the Assistant Supervisor of the Stockton University Wellness Center, actually instructed A.D. that she would have to either hide in an office or leave the wellness center during the time Evan was to complete his community service hours so she would not have contact with him.

58. A few days after Evan was assigned to work in the Community Center in close proximity to A.D., there was an extremely strange incident involving Evan's parents. While A.D. was sitting at her desk doing office work, Evan's mother walked into the Community Center and took a picture of A.D. with her cell phone. She stated to A.D. "Now we have proof of what you're really doing!" This conduct further precipitated the harassment that A.D. had been undergoing with the assailant Evan. And it further substantiates that having Evan working in the same counseling center in which A.D. was employed violates the "No-Contact" order by a court of competent jurisdiction. This is also a violation of Title IX in regards to her health, safety, welfare, and an interference with her pursuit of an education.

59. Eventually, A.D. stopped reporting violations of the Court's No-Contact Order because every time A.D. notified the Stockton University Police, they failed to adequately

respond or take any interest in protecting A.D. from her stalker and assailant.

60. A.D. did not wish to pursue additional criminal charges against Evan because she felt Stockton University would not adhere to the Orders of the Court as well as the fact that she was sympathetic to the fact he had Autism.

61. When the Judge asked A.D. during the initial sentencing if she wanted Evan to be sentenced to jail she responded "No." This is how much more seriously the Court took the allegation than Stockton University. But A.D. also made it clear that Evan needed rehabilitation and that she did not feel safe on Stockton University's campus because of his erratic behavior.

62. A.D. spent the rest of her time as a student of Stockton University altering her normal routines to minimize the possibility of ever encountering Evan. These precautions were exhausting, often inconvenient, and very stressful.

63. Eventually Evan has since been expelled from Stockton University after he physically assaulted another female Stockton student.

64. Ultimately, A.D. graduated from Stockton University. She is now enrolled at Law School.

### COUNT ONE

**VIOLATION OF TITLE IX AS TO DEFENDANT STOCKTON UNIVERSITY (20 U.S.C. §1681, et seq.) (Retaliation by Withholding Protections Otherwise Conferred by Title IX)**

1. Plaintiff repeats and reiterates all of the allegations contained in the previous counts and/or paragraphs as if set forth at length herein.

2. Stockton University had reassured all members of the student body that they would protect and investigate any and all sexual harassment claims regardless of whether or not the matter was referred to law enforcement.

3. Once a victim of sexual harassment insists upon involving law enforcement for a criminal investigation, the University instead retaliated against victims by: declining to investigate their matter, failing to report all instances of sexual harassment and assault, or otherwise failing to comply with their responsibilities as mandated by Title IX.

4. Stockton University has been continually on notice as a result of past incidents which have involved rape, sexual assault, and sexual harassment. But Stockton has declined to intervene to prohibit this conduct for the benefit and safety of its student body. As such, the university was complicit in these actions.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against all defendants for compensatory damages for Plaintiff's psychological and emotional distress and damages, loss of standing in her community, damage to her reputation, and her family's unreimbursed out of pocket expenses incurred in response to these circumstances; punitive damages; injunctive relief requiring Defendant University to take effective steps to prevent sex-based discrimination and harassment, including sexual assault, in its education programs; fully investigate conduct that may constitute sex-based harassment and/or sexual assault; appropriately respond to all conduct that may constitute sex-based harassment and/or sexual assault; and mitigate the effects of harassment and/or assault including by eliminating any hostile environment that may arise from or contribute to it; statutory interest; costs; and reasonable attorney fees.

## COUNT TWO

**VIOLATION OF TITLE IX AS TO STOCKON UNIVERSITY (20 U.S.C. §1681, et seq.) (The School's Deliberate Indifference to Alleged Sexual Harassment)**

5. Plaintiff repeats and reiterates all of the allegations contained in the previous counts and/or paragraphs as if set forth at length herein.

16

6. The sex-based harassment articulated in the Plaintiff's general allegations was so severe, pervasive, and objectively offensive that it deprived Plaintiff of access to educational opportunities or benefits provided by the school.

7. The Defendant Stockton University created and/or subjected Plaintiff to a hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681(a) ("Title IX"), because a) Plaintiff was a member of a protected class; b) she was subjected to sexual harassment in the form of a sexual harassment, stalking, and assault by a fellow student; c) she was subjected to harassment based on her sex; and d) she was subjected to a hostile and dangerous educational environment created by the University's lack of policies and procedures and failure to properly investigate and/or address the sexual assault and subsequent harassment.

8. Defendant Stockton University and its officials had actual and constructive knowledge of the sexual assault and the resulting harassment of Plaintiff. This was created by Stockton's failure to investigate and discipline Plaintiff's attacker in a timely manner consistent with its own policy and federal and state law.

9. The Defendant Stockton University's failure to promptly and appropriately respond to the alleged sexual harassment resulted in Plaintiff, on the basis of her sex, being excluded from

participating in, being denied the benefits of, and being subjected to discrimination in the District's education program in violation of Title IX.

10. Defendant Stockton University failed to take immediate, effective remedial steps to resolve the complaints of sexual harassment and instead acted with deliberate indifference toward Plaintiff.

11. Defendant Stockton University persisted in its actions and inaction even after it had actual knowledge of the harm suffered by Plaintiff.

12. Defendant Stockton University engaged in a pattern and practice of behavior designed to discourage and dissuade students and parents of students who had been sexually assaulted from seeking prosecution and protection and from seeking to have sexual assaults and harassments from being fully investigated and fully reported.

13. This policy and/or practice constituted disparate treatment of females and had a disparate impact on female students.

14. Plaintiff has suffered emotional distress and psychological damage, and her character and standing in her community have suffered from the harassment fostered as a direct and proximate result of Defendant School District's deliberate indifference to her rights under Title IX.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against all defendants for compensatory damages for Plaintiff's psychological and emotional distress and damages, loss of standing in her community, damage to her reputation, and her family's unreimbursed out of pocket expenses incurred in response to these circumstances; punitive damages; injunctive relief requiring Defendant University to take effective steps to prevent sex-based discrimination and harassment, including sexual assault, in its education programs; fully investigate conduct that may constitute sex-based harassment and/or sexual assault; appropriately respond to all conduct that may constitute sex-based harassment and/or sexual assault; and mitigate the effects of harassment and/or assault including by eliminating any hostile environment that may arise from or contribute to it; statutory interest; costs; and reasonable attorney fees.

## COUNT THREE

### 1983 VIOLATION AS TO DEFENDANTS STOCKON UNIVERSITY, (42 U.S.C. §1983)

15. Plaintiff repeats and reiterates all of the allegations contained in the previous counts and/or paragraphs as if set forth at length herein.

19

16. Under the Fourteenth Amendment, Plaintiff had the right as a public school student to personal security and bodily integrity and Equal Protection of Laws.

17. Defendants Stockton Employees were all state actors acting under the color of state law.

18. Defendants each subjected Plaintiff to violations of her right to personal security and bodily integrity and Equal Protection of Laws by: failing to investigate the sexual assault and harassment involving the assailant Evan; failing to appropriately discipline the assailant Evan; failing to adequately train and supervise Stockton Employees; and manifesting deliberate indifference to the sexual assault and ongoing harassment of Plaintiff by the assailant Evan.

19. Stockton University has and/or had unconstitutional customs or policies of a) failing to investigate evidence of criminal and tortious misconduct against Stockton University students in the nature of violations of their right to personal security and bodily integrity and b) failing to adequately train and supervise School District employees with regard to maintaining, preserving and protecting students from violations of their right to personal security, bodily integrity, and Equal Protection of the Laws.

20. On information and belief, the University has followed these unconstitutional customs and policies not only with regard to Plaintiff but also with regard to criminal and tortious misconduct committed against other Stockton University students.

21. The University's policies and/or practices constituted disparate treatment of females and had a disparate impact on female students.

22. Defendant Stockton University was at the time of events complained of within, policymakers for the purpose of implementing the University's unconstitutional policies or customs.

23. Plaintiff has suffered emotional distress and psychological damage, and her character and standing in her community have suffered from the harassment fostered as a direct and proximate result of Defendant University's deliberate indifference to her rights under the Fourteenth Amendment.

   WHEREFORE, Plaintiff respectfully requests judgment in her favor and against all defendants for compensatory damages for Plaintiff's psychological and emotional distress and damages, loss of standing in her community, damage to her reputation, and her family's unreimbursed out of pocket expenses incurred in response to these circumstances; punitive damages; injunctive relief requiring Defendant University to take effective steps to

21

prevent sex-based discrimination and harassment, including sexual assault, in its education programs; fully investigate conduct that may constitute sex-based harassment and/or sexual assault; appropriately respond to all conduct that may constitute sex-based harassment and/or sexual assault; and mitigate the effects of harassment and/or assault including by eliminating any hostile environment that may arise from or contribute to it; statutory interest; costs; and reasonable attorney fees.

**COUNT FOUR**

**LIABILITY FOR FAILURE TO TRAIN, SUPERVISE, AND PROTECT STUDENTS FROM SEXUAL ASSAULT AS TO DEFENDANT STOCKTON UNIVERSITY (42 U.S.C. §1983)**

24. Plaintiff repeats and reiterates all of the allegations contained in the previous counts and/or paragraphs as if set forth at length herein.

25. Defendant Stockton Employees, were "state actors" working for Stockton University, a federally funded school system.

26. Defendant Stockton Employees acted under "color of law" when refusing to respond to Plaintiff's sexual harassment and assault on school premises.

27. Defendant Stockton Employees failed to preserve Plaintiff's constitutional right to equal protection as guaranteed by the Fourteenth Amendment.

28. Under the Equal Protection Clause of the Fourteenth Amendment, Plaintiff had the right to equal access to an educational environment free from harassment and discrimination.

29. Defendant Stockton Employees should have known that their response to sexual harassment and assault allegations must comply with federal laws, particularly as outlined in Title IX's published and widely promulgated implementing regulations.

30. Defendant Stockton Employees each violated Plaintiff's right to equal access by:

    a. Failing to take immediate and appropriate action to investigate or otherwise determine what occurred once informed of possible sexual violence;

    b. Failing to take prompt and effective steps to end the sexual violence, prevent its recurrence, address its effects, whether or not the sexual violence is the subject of a criminal investigation;

    c. Failing to take steps to protect the Plaintiff as necessary, including interim steps taken prior to the final outcome of the investigation;

      d.   Failing to provide a grievance procedure for students to file complaints of sexual discrimination, including complaints of sexual harassment and sexual violence. The procedures must include an equal opportunity for both parties to present witnesses and other evidence and the same appeal rights;

      e.   Failing to use a preponderance of the evidence standard to resolve complaints of sex discrimination in grievance procedures; and

      f.   Failing to notify both parties of the outcome of the complaint.

31. Defendant Stockton University violated Plaintiff's Fourteenth Amendment right to equal protection by failing to properly train and supervise its employees as to these mandated investigative requirements.

32. These policies and/or practices constituted disparate treatment of females and had a disparate impact on female students.

33. Defendants' actions and lack of actions were the proximate cause of Plaintiff's emotional distress and psychological damage, and her character and standing in her community have suffered from the harassment fostered as a result of Defendant Stockton University's deliberate indifference to her right to equal protection under the Fourteenth Amendment.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against all defendants for compensatory damages for Plaintiff's psychological and emotional distress and damages, loss of standing in her community, damage to her reputation, and her family's unreimbursed out of pocket expenses incurred in response to these circumstances; punitive damages; injunctive relief requiring Defendant University to take effective steps to prevent sex-based discrimination and harassment, including sexual assault, in its education programs; fully investigate conduct that may constitute sex-based harassment and/or sexual assault; appropriately respond to all conduct that may constitute sex-based harassment and/or sexual assault; and mitigate the effects of harassment and/or assault including by eliminating any hostile environment that may arise from or contribute to it; statutory interest; costs; and reasonable attorney fees.

**COUNT FIVE**

**VIOLATION OF THE JEANNE CLERY DISCLOSURE OF CAMPUS SECURITY POLICY AND CAMPUS CRIME STATISTICS ACT (CLERY ACT)**

34. Plaintiff repeats and reiterates all of the allegations contained in the previous counts and/or paragraphs as if set forth at length herein.

35. The Clery Act, passed in November 1990, requires that higher education institutions whose students receive federal financial aid collect and report crime data to the U.S. Department of Education.

36. A 1992 amendment to the Clery Act established the Campus Sexual Assault Victims' Bill of Rights, requiring schools to provide certain basic rights to survivors of sexual assaults on campus, include:

   a. Giving the alleged victim and the alleged assailant equal opportunity to have others present in disciplinary proceedings and equal notification of the outcome of such proceedings;

   b. Notifying alleged victims of the availability of counseling services, and of their right to pursue remedies through local police;

   c. Notifying alleged victims that they have the option of changing classes and dormitory assignments in order to avoid their alleged assailants;

37. The Clery Act requires colleges and universities to do the following with regards to sexual assault reports: 1) Publish an Annual Security Report; 2) Disclose crime statistics for incidents that occur on campus, in unobstructed public areas immediately adjacent to or running through the campus and at

certain non-campus facilities; 3) Issue timely warnings about Clery Act crimes which pose a serious or ongoing threat to students and employees; and 4) Devise an emergency response, notification, and testing policy.

38. Defendant Stockton University failed to disclose crime statistics for incidents that occur on campus, in unobstructed public areas immediately adjacent to or running through the campus and at certain non-campus facilities;

39. Defendant Stockton University failed to issue timely warnings about crimes such as those, which posed a serious and ongoing threat to students that Stockton University allowed to occur.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against all defendants for compensatory damages for Plaintiff's psychological and emotional distress and damages, loss of standing in her community, damage to her reputation, and her family's unreimbursed out of pocket expenses incurred in response to these circumstances; punitive damages; injunctive relief requiring Defendant University to take effective steps to prevent sex-based discrimination` and harassment, including sexual assault, in its education programs; fully investigate conduct that may constitute sex-based harassment and/or sexual assault; appropriately respond to all conduct that may constitute sex-based harassment and/or sexual assault; and

mitigate the effects of harassment and/or assault including by eliminating any hostile environment that may arise from or contribute to it; statutory interest; costs; and reasonable attorney fees.

## COUNT SIX

### VIOLATION OF REPORTING UNDER THE CLERY ACT 34 C.F.R. 668.46

40. Plaintiff repeats and reiterates all of the allegations contained in the previous counts and/or paragraphs as if set forth at length herein.

41. Under the Clery Act, Stockton University is a participant in Title IX, HEA programs and must prepare, publish, and distribute an Annual Security Report (ASR) by October 1 of each year.

42. Stockton University failed to fully and accurately provide information as it relations to a description of the institutions campus security policy and protocol pursuant to 34 C.F.R. 668.46 (b).

43. Stockton has filed to account and properly detail:

   a.   A list of the title of each person or organization to which students and employees should report criminal affairs for the purpose of making timely warning reports and annual statistical timeline.

b.  A statement of policy and protocol concerning the monitoring and reporting through local police agencies of criminal activity in which students engage at off-campus locations of student organizations including student off-campus housing facilities.

c.  Notification to students that Stockton University will change a victim's academic and living situations after an alleged sex offense and options will be available for victims.

d.  Stockton University failed to properly report crime statistics of the occurrence of certain crimes on campus or off-campus buildings or private and public property i.e. Pi Kappa Phi fraternity house pursuant to 34 C.F.R. 668.46 (d)

e.  Stockton University failed to properly and completely compile and publish crimes inclusive of sex offenses (forcible and non-forcible), robbery, harassments, assaults, burglary, liquor law violations inclusive of underage drinking, and drug law violations.

f.  Stockton University failed to notify and provide current students, incoming students, and applicants for admission with accurate, complete, and timely information about crime and safety on campus in violation of 34 C.F.R. 668.46 (e).

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against all defendants for compensatory damages for Plaintiff's psychological and emotional distress and damages, loss of standing in her community, damage to her reputation, and her family's unreimbursed out of pocket expenses incurred in response to these circumstances; Punitive damages; Injunctive relief requiring Defendant University to take effective steps to prevent sex-based discrimination and harassment, including sexual assault, in its education programs; fully investigate conduct that may constitute sex-based harassment and/or sexual assault; appropriately respond to all conduct that may constitute sex-based harassment and/or sexual assault; and mitigate the effects of harassment and/or assault including by eliminating any hostile environment that may arise from or contribute to it; statutory interest; costs; and reasonable attorney fees.

**COUNT SEVEN**

**STOCKTON UNIVERSITY'S VIOLATION OF COMPLIANCE WITH THE CLERY ACT INLCUDED VIOLATIONS OF THE HEA HIGHER EDUCATION ACT OF 1965**

44. Plaintiff repeats and reiterates all of the allegations contained in the previous counts and/or paragraphs as if set forth at length herein.

30

45. Stockton University violated the terms and guidelines of the Clery Act, which included violations the HEA of Departments regulations when it did not give an emergency notification to its students and employees after Stockton University officers learned of the allegations of sexual assault from 2014.

46. Stockton University lacked the administrative capability required to comply with the Clery Act and HEA regulations and failed to properly notify students and incoming students of the sexual assaults.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against all defendants for compensatory damages for Plaintiff's psychological and emotional distress and damages, loss of standing in her community, damage to her reputation, and her family's unreimbursed out of pocket expenses incurred in response to these circumstances; Punitive damages; Injunctive relief requiring Defendant University to take effective steps to prevent sex-based discrimination and harassment, including sexual assault, in its education programs; fully investigate conduct that may constitute sex-based harassment and/or sexual assault; appropriately respond to all conduct that may constitute sex-based harassment and/or sexual assault; and mitigate the effects of harassment and/or assault including by eliminating any hostile environment that may arise from or

contribute to it; statutory interest; costs; and reasonable attorney fees.

## COUNT EIGHT

**STOCKTON UNIVERSITY FAILED TO ISSUE AN EMERGENCY NOTIFICATION AFTER EACH PARTICULAR HARASSMENT AND ASSAULT ONCE STOCKTON OFFICIALS LEARNED OF THE ALLEGED HARASSMENT AND ASSAULT ALLEGATIONS COMMITTED BY STOCKTON STUDENTS**

47. Plaintiff repeats and reiterates all of the allegations contained in the previous counts and/or paragraphs as if set forth at length herein.

48. Stockton University failed to issue an emergency notification after it determined that assailant Evan was a danger to the Stockton University Student Body.

49. Evan continued to fully function as a Stockton University student and maintained a significant and regular presence on the Stockton University campus.

50. Stockton University had significant evidence that assailant Evan posed a danger to the campus community, student body, and incoming students and took no action against its student members.

51. Stockton University allowed assailant Evan to work as a form of 'community service' at the University Counseling Center where

A.D. worked and did nothing to protect A.D. from the court order of "No Contact."

52. Stockton University took no effort to warn the campus community about the potential risks posed by assailant Evan in violation of the Clery Act reporting provisions.

53. The emergency notification would have informed the campus community and student body as well as incoming students that there was and is a dangerous situation involving an immediate threat to the health, safety, and welfare of the Stockton University Student Body.

54. Stockton University has not provided a reasonable explanation for not issuing such a warning.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against all defendants for compensatory damages for Plaintiff's psychological and emotional distress and damages, loss of standing in her community, damage to her reputation, and her family's unreimbursed out of pocket expenses incurred in response to these circumstances; Punitive damages; Injunctive relief requiring Defendant University to take effective steps to prevent sex-based discrimination and harassment, including sexual assault, in its education programs; fully investigate conduct that may constitute sex-based harassment and/or sexual assault; appropriately respond to all conduct that may

33

constitute sex-based harassment and/or sexual assault; and mitigate the effects of harassment and/or assault including by eliminating any hostile environment that may arise from or contribute to it; statutory interest; costs; and reasonable attorney fees.

## COUNT NINE

**STOCKTON UNIVERSITY FAILED TO ADMINISTER PROGRAMS UNDER TITLE IX (HEA) PROGRAMS IN ACCORDANCE WITH STATUTORY AND REGULATORY PROVISIONS UNDER AUTHORITY OF TITLE IX OF THE (HEA) 34 C.F.R. 668.16.**

55. Plaintiff repeats and reiterates all of the allegations contained in the previous counts and/or paragraphs as if set forth at length herein.

56. Stockton University violated the directives and statutory requisites of the statue by not:

   a. Employing an adequate number of qualified staff to administer the program with appropriate checks and balances pursuant to 34 C.F.R. 668.16 (c)(1).

   b. Stockton University failed to properly document and maintain proper records to support crime statistics in its ASR and did not match the crime statistics it submitted to the U.S. Report of Education.

   c. Stockton University failed to properly retain data it had submitted to the U.S. Report of Education for the years:

2015, 2016, 2017,and 2018. Stockton University failed to be in full compliance with reporting statute.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against all defendants for compensatory damages for Plaintiff's psychological and emotional distress and damages, loss of standing in her community, damage to her reputation, and her family's unreimbursed out of pocket expenses incurred in response to these circumstances; Punitive damages; Injunctive relief requiring Defendant University to take effective steps to prevent sex-based discrimination and harassment, including sexual assault, in its education programs; fully investigate conduct that may constitute sex-based harassment and/or sexual assault; appropriately respond to all conduct that may constitute sex-based harassment and/or sexual assault; and mitigate the effects of harassment and/or assault including by eliminating any hostile environment that may arise from or contribute to it; statutory interest; costs; and reasonable attorney fees.

## COUNT TEN

**STOCKTON UNIVERSITY FAILED TO PROVIDE THE STATUTORILY REQUIRED ACCURATE AND COMPLETE WRITTEN DESCRIPTION OF LEGAL SANCTIONS IMPOSED UNDER LOCAL, STATE AND FEDERAL LAW FOR THE UNLAWFUL POSSESSION OF DISTRIBUTION OF ILLICIT DRUGS AND ALCOHOL TO UNDERAGE MINORS FOR THE YEARS 2010 THROUGH 2018**

57. Plaintiff repeats and reiterates all of the allegations contained in the previous counts and/or paragraphs as if set forth at length herein.

58. As a part of Stockton University's participation on the Title IX and HEA programs, Stockton University is required to provide detailed information to the student body as it relates to the distribution and/or consumption of illicit drugs and alcohol dispensed to minors on the campus as well as at off campus housing to protect the health, education, and welfare of the Stockton University Student Body.

59. Stockton University did not provide to the student body a written code or cohesive plan for ensuring compliance with the Clery Act.

60. Stockton University failed to have a cohesive policy concerning the monitoring and recording through local police agencies of criminal activity, such as sexual assault and sexual harassment locations on campus.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against all defendants for compensatory damages for Plaintiff's psychological and emotional distress and damages, loss of standing in her community, damage to her reputation, and her family's unreimbursed out of pocket expenses incurred in

response to these circumstances; Punitive damages; Injunctive relief requiring Defendant University to take effective steps to prevent sex-based discrimination and harassment, including sexual assault, in its education programs; fully investigate conduct that may constitute sex-based harassment and/or sexual assault; appropriately respond to all conduct that may constitute sex-based harassment and/or sexual assault; and mitigate the effects of harassment and/or assault including by eliminating any hostile environment that may arise from or contribute to it; statutory interest; costs; and reasonable attorney fees.

## COUNT ELEVEN

**STOCKTON UNIVERSITY DID NOT PROPERLY CLASSIFY SEXUAL INCIDENTS FOR PURPOSES OF THE CLERY ACT AND DID NOT PROPERLY COMPILE AND DESCRIBE THE TRUE CRIME STATISTICS IN ORDER TO UNDER REPORT CLERY ACT CRIMES**

61. Plaintiff repeats and reiterates all of the allegations contained in the previous counts and/or paragraphs as if set forth at length herein.

62. Stockton University failed to comply with the Clery Act and the Department of Education's regulations for institutions participating in Title IX (HEA) programs which must include in its ASR statistics of certain reported crimes and arrest

involving campus disciplinary referrals for sexual assault and harassment violations.

63. The statistics must be disclosed by location including on campus or on non-campus building or property, and on public property pursuant to C.F.R. 668.46(a) and 668.46(c)(1)-(c)(4).

64. Stockton University failed to comply with the required crime statistics using the definitions of crimes provided by the Department's regulations and the Federal Bureau of Investigations Uniform Crime Reporting (UCR). Additionally, Stockton University failed to comply with hate crime data collection guidelines and training guidelines for hate crime data collection pursuant to 34 C.F.R. 668.46(c)(7) and failed to include the violations of Pi Kappa Phi in its reporting.

65. Stockton University failed to properly publish and distribute the information on its website and provide accurate supporting data, which thereby makes the mandatory reporting of the Annual Security Report (ASR) inaccurate.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against all defendants for compensatory damages for Plaintiff's psychological and emotional distress and damages, loss of standing in her community, damage to her reputation, and her family's unreimbursed out of pocket expenses incurred in response to these circumstances; Punitive damages; Injunctive

relief requiring Defendant University to take effective steps to prevent sex-based discrimination and harassment, including sexual assault, in its education programs; fully investigate conduct that may constitute sex-based harassment and/or sexual assault; appropriately respond to all conduct that may constitute sex-based harassment and/or sexual assault; and mitigate the effects of harassment and/or assault including by eliminating any hostile environment that may arise from or contribute to it; statutory interest; costs; and reasonable attorney fees.

**COUNT TWELVE**

**STOCKTON UNIVERSITY DID NOT COLLECT CRIME STATISTICS
FROM ALL REQUIRED SOURCES AND FAILED TO INCLUDE THEM
IN THE ASR STOCKTON UNIVERSITY PREPARED AND SUBMITTED**

66. Plaintiff repeats and reiterates all of the allegations contained in the previous counts and/or paragraphs as if set forth at length herein.

67. Under the Clery Act, institutions participating in the Title IX HEA programs must prepare, publish, and distribute an accurate ASR by October 1 of each year pursuant to 34 C.F.R. 668.1(e).

68. An institution must include in its statistics any crime reported to a CSA and the crime must be included in the statistics for

the year in which it was reported to a CSA pursuant to C.F.R. 668.46(c)(2).

69. A CSA is any official of the institution who has significant responsibility for student and campus activities, including but not limited to student housing, student discipline, and campus judicial proceedings pursuant to C.F.R. 668.46(a).

70. The crime statistics Stockton University reported on its ASR reports do not match the crime statistics that actually occurred on Stockton University's campus including dormitories and other residential facilities in or on off-campus buildings or public property pursuant to 34 C.F.R. 668.46(a), 668.46(c)(1)-(c)(4).

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against all defendants for compensatory damages for Plaintiff's psychological and emotional distress and damages, loss of standing in her community, damage to her reputation, and her family's unreimbursed out of pocket expenses incurred in response to these circumstances; Punitive damages; Injunctive relief requiring Defendant University to take effective steps to prevent sex-based discrimination and harassment, including sexual assault, in its education programs; fully investigate conduct that may constitute sex-based harassment and/or sexual assault; appropriately respond to all conduct that may constitute sex-based harassment and/or sexual assault; and

40

mitigate the effects of harassment and/or assault including by eliminating any hostile environment that may arise from or contribute to it; statutory interest; costs; and reasonable attorney fees.

### COUNT THIRTEEN

### SEXUAL HARASSMENT/ASSAULT

71. Plaintiff repeats and reiterates all of the allegations contained in the previous counts and/or paragraphs as if set forth at length herein.

72. At all times relevant, assailant Evan is/was a student at Stockton University who was present on or about Stockton University's campus.

73. On at least one occasions, assailant Evan engaged in the unlawful sexual harassment and assault of the plaintiff without her consent.

74. All Defendants acted with the purposeful, knowing, reckless, negligent intent to cause harm and/or offensive contact to the Plaintiff A.D. and thereby put her in imminent apprehension and fear for her well-being.

75. All Defendants' actions would be offensive to a person with a reasonable sense of personal dignity.

76. Plaintiff did not and could not consent to the acts.

41

77. Defendants' actions were outrageous, and constituted a wanton
    and reckless disregard to Plaintiff's health, safety, and well-
    being.

78. As a direct and proximate result of the conduct described herein
    above, Plaintiff has and will continue to suffer physical
    injury; severe emotional distress and anguish; diminished
    enjoyment of life; difficulty and an inability to focus;
    difficulty and an inability to perform work-related tasks;
    anxiety; depression; humiliation; pain in mind and body; severe
    embarrassment; is having and has had difficulty living a normal
    life; has not and will not engage in normal activities; will
    suffer from behavior patterns and will continue to do so in the
    future; will in the future be caused to endure severe pain in
    mind and body; has endured interference with and will continue
    to endure interference with engaging in her full normal daily
    activities. Plaintiff's self-esteem and ability to trust others
    has been substantially impaired, needing to obtain help and
    treatment from professionals and health care professionals in
    general and may incur medical, hospital and psychiatric expenses
    in amounts yet to be determined.

79. All defendants are responsible for sexual assault of Plaintiff.
    All defendants acted carelessly, recklessly, negligently, and

42

grossly negligent, and caused or allowed to be caused great harm to plaintiff by allowing the sexual assault of the plaintiff.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against all defendants for compensatory damages for Plaintiff's psychological and emotional distress and damages, loss of standing in her community, damage to her reputation, and her family's unreimbursed out of pocket expenses incurred in response to these circumstances; Punitive damages; Injunctive relief requiring Defendant University to take effective steps to prevent sex-based discrimination and harassment, including sexual assault, in its education programs; fully investigate conduct that may constitute sex-based harassment and/or sexual assault; appropriately respond to all conduct that may constitute sex-based harassment and/or sexual assault; and mitigate the effects of harassment and/or assault including by eliminating any hostile environment that may arise from or contribute to it; statutory interest; costs; and reasonable attorney fees.

**COUNT FOURTEEN**

**AGGRAVATED ASSAULT**

80. Plaintiff repeats and reiterates all of the allegations contained in the previous counts and/or paragraphs as if set forth at length herein.

81. At all times relevant, assailant Evan is/was a student at Stockton University who was present on Stockton University's campus.

82. On at least one occasion, assailant Evan engaged in the unlawful sexual harassment and assault of the plaintiff without her consent.

83. Defendants attempted to cause serious bodily injury to plaintiff purposely, knowingly, or under circumstances manifesting an extreme indifference to the value of human life.

84. Defendants attempted to cause significant bodily injury to plaintiff knowingly, under circumstances manifesting extreme indifference to the value of human life, or recklessly to cause such significant bodily injury.

85. As a direct and proximate result of the conduct described herein above, Plaintiff has and will continue to suffer physical injury; severe emotional distress and anguish; diminished enjoyment of life; difficulty and an inability to focus; difficulty and an inability to perform work-related tasks; anxiety; depression; humiliation; pain in mind and body; severe embarrassment; is having and has had difficulty living a normal life; has not and will not engage in normal activities; will suffer from behavior patterns and will continue to do so in the future; will in the future be caused to endure severe pain in

mind and body; has endured interference with and will continue
to endure interference with engaging in her full normal daily
activities. Plaintiff's self-esteem and ability to trust others
has been substantially impaired, needing to obtain help and
treatment from professionals and health care professionals in
general and may incur medical, hospital and psychiatric expenses
in amounts yet to be determined.

86. All defendants are responsible for aggravated assault of
Plaintiff. All defendants acted carelessly, recklessly,
negligently, and grossly negligent, and caused or allowed to be
caused great harm to plaintiff by allowing the aggravated
assault of the plaintiff.

WHEREFORE, Plaintiff respectfully requests judgment in her
favor and against all defendants for compensatory damages for
Plaintiff's psychological and emotional distress and damages,
loss of standing in her community, damage to her reputation, and
her family's unreimbursed out of pocket expenses incurred in
response to these circumstances; Punitive damages; Injunctive
relief requiring Defendant University to take effective steps to
prevent sex-based discrimination and harassment, including
sexual assault, in its education programs; fully investigate
conduct that may constitute sex-based harassment and/or sexual
assault; appropriately respond to all conduct that may

constitute sex-based harassment and/or sexual assault; and mitigate the effects of harassment and/or assault including by eliminating any hostile environment that may arise from or contribute to it; statutory interest; costs; and reasonable attorney fees.

## COUNT FIFTEEN

### CIVIL BATTERY

87. Plaintiff repeats and reiterates all of the allegations contained in the previous counts and/or paragraphs as if set forth at length herein.

88. At all times relevant, assailant Evan is/was a student at Stockton University who was present on Stockton University's campus.

89. On at least one occasion, assailant Evan engaged in unlawful touching/contact, by means of assault and sexual harassment, with the plaintiff without her consent.

90. Defendants caused actual harmful and offensive touching of Plaintiff with the intent to cause offensive touching of Plaintiff.

91. Defendants' actions would be offensive to a person with a reasonable sense of personal dignity.

92. Plaintiff did not consent and could not consent to the touching which was against her will. Any failure to report the incidents was the result of overwhelming mental duress, undue influence and coercion.

93. Defendants' actions were outrageous, and constituted a wanton and reckless disregard to Plaintiff's health and well-being.

94. As a direct and proximate result of the conduct described herein above, Plaintiff has and will continue to suffer physical injury; severe emotional distress and anguish; diminished enjoyment of life; difficulty and an inability to focus; difficulty and an inability to perform work-related tasks; anxiety; depression; humiliation; pain in mind and body; severe embarrassment; is having and has had difficulty living a normal life; has not and will not engage in normal activities; will suffer from behavior patterns and will continue to do so in the future; will in the future be caused to endure severe pain in mind and body; has endured interference with and will continue to endure interference with engaging in her full normal daily activities. Plaintiff's self-esteem and ability to trust others has been substantially impaired, needing to obtain help and treatment from professionals and health care professionals in general and may incur medical, hospital and psychiatric expenses in amounts yet to be determined.

95. All defendants are responsible for Civil Battery of Plaintiff. All defendants acted carelessly, recklessly, negligently, and grossly negligent, and caused or allowed to be caused great harm to plaintiff by allowing the battery of the plaintiff.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against all defendants for compensatory damages for Plaintiff's psychological and emotional distress and damages, loss of standing in her community, damage to her reputation, and her family's unreimbursed out of pocket expenses incurred in response to these circumstances; Punitive damages; Injunctive relief requiring Defendant University to take effective steps to prevent sex-based discrimination and harassment, including sexual assault, in its education programs; fully investigate conduct that may constitute sex-based harassment and/or sexual assault; appropriately respond to all conduct that may constitute sex-based harassment and/or sexual assault; and mitigate the effects of harassment and/or assault including by eliminating any hostile environment that may arise from or contribute to it; statutory interest; costs; and reasonable attorney fees.

48

## COUNT SIXTEEN

### FALSE IMPRISONMENT

96.  Plaintiff repeats and reiterates all of the allegations contained in the previous counts and/or paragraphs as if set forth at length herein.

97.  At all times relevant, assailant Evan is/was a student at Stockton University who was present on or about Stockton University's campus.

98.  On at least one occasion, assailant Evan engaged in unlawful sexual harassment, by means of assault and sexual harassment, with the plaintiff without her consent.

99.  At all times relevant hereto, while assailant Evan perpetrated his harassment and sexual harassment, battery and assault, of the plaintiff, the defendant knowingly restrained Plaintiff unlawfully, causing Plaintiff to flee and hide (in bathrooms and classrooms around campus without reasonable means of escape), in fear for her life, from defendant, interfering substantially with her liberty and continuously sexually assaulting and harassing her.

100. The circumstances under which defendant restrained the Plaintiff exposed her to risk of serious bodily injury.

101. As a direct and proximate result of the conduct described herein above, Plaintiff has and will continue to suffer physical

injury; severe emotional distress and anguish; diminished enjoyment of life; difficulty and an inability to focus; difficulty and an inability to perform work-related tasks; anxiety; depression; humiliation; pain in mind and body; severe embarrassment; is having and has had difficulty living a normal life; has not and will not engage in normal activities; will suffer from behavior patterns and will continue to do so in the future; will in the future be caused to endure severe pain in mind and body; has endured interference with and will continue to endure interference with engaging in her full normal daily activities. Plaintiff's self-esteem and ability to trust others has been substantially impaired, needing to obtain help and treatment from professionals and health care professionals in general and may incur medical, hospital and psychiatric expenses in amounts yet to be determined.

102. All defendants are responsible for false imprisonment of Plaintiff. All defendants acted carelessly, recklessly, negligently, and grossly negligent, and caused or allowed to be caused great harm to plaintiff by allowing the false imprisonment of the plaintiff.

   WHEREFORE, Plaintiff respectfully requests judgment in her favor and against all defendants for compensatory damages for Plaintiff's psychological and emotional distress and damages,

loss of standing in her community, damage to her reputation, and her family's unreimbursed out of pocket expenses incurred in response to these circumstances; Punitive damages; Injunctive relief requiring Defendant University to take effective steps to prevent sex-based discrimination and harassment, including sexual assault, in its education programs; fully investigate conduct that may constitute sex-based harassment and/or sexual assault; appropriately respond to all conduct that may constitute sex-based harassment and/or sexual assault; and mitigate the effects of harassment and/or assault including by eliminating any hostile environment that may arise from or contribute to it; statutory interest; costs; and reasonable attorney fees.

**COUNT SEVENTEEN**

**INVASION OF PRIVACY**

103. Plaintiff repeats and reiterates all of the allegations contained in the previous counts and/or paragraphs as if set forth at length herein.

104. Defendants intentionally intruded upon the plaintiff physically or otherwise, upon the solitude or seclusion of her private affairs or concerns, which was highly offensive to a reasonable person. Bisbee v. John C. Conover Agency, Inc., 186 N.J. Super.

335, 339 (1982) (quoting Restatement (Second) of Torts, supra, §652B).

105. Plaintiff possessed a reasonable expectation of privacy while attending school at Stockton University.

106. Defendant Stockton University failed to provide reasonable accommodations for the Plaintiff A.D. she was a resident on campus.

107. As a direct and proximate result of the conduct described herein above, Plaintiff has and will continue to suffer physical injury; severe emotional distress and anguish; diminished enjoyment of life; difficulty and an inability to focus; difficulty and an inability to perform work-related tasks; anxiety; depression; humiliation; pain in mind and body; severe embarrassment; is having and has had difficulty living a normal life; has not and will not engage in normal activities; will suffer from behavior patterns and will continue to do so in the future; will in the future be caused to endure severe pain in mind and body; has endured interference with and will continue to endure interference with engaging in her full normal daily activities. Plaintiff's self-esteem and ability to trust others has been substantially impaired, needing to obtain help and treatment from professionals and health care professionals in

general and may incur medical, hospital and psychiatric expenses in amounts yet to be determined.

108. All defendants are responsible for Plaintiff's invasion of privacy. All defendants acted carelessly, recklessly, negligently, and grossly negligent, and caused or allowed to be caused great harm to plaintiff by allowing the invasion of the plaintiff's privacy.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against all defendants for compensatory damages for Plaintiff's psychological and emotional distress and damages, loss of standing in her community, damage to her reputation, and her family's unreimbursed out of pocket expenses incurred in response to these circumstances; Punitive damages; Injunctive relief requiring Defendant University to take effective steps to prevent sex-based discrimination and harassment, including sexual assault, in its education programs; fully investigate conduct that may constitute sex-based harassment and/or sexual assault; appropriately respond to all conduct that may constitute sex-based harassment and/or sexual assault; and mitigate the effects of harassment and/or assault including by eliminating any hostile environment that may arise from or contribute to it; statutory interest; costs; and reasonable attorney fees.

## COUNT EIGHTEEN

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

109. Plaintiff repeats and reiterates all of the allegations contained in the previous counts and/or paragraphs as if set forth at length herein.

110. At all times relevant, assailant Evan, is/was a student at Stockton University who was present on Stockton University's campus.

111. On at least one occasion, assailant Evan engaged in unlawful sexual harassment, by means of assault and sexual harassment, with the plaintiff without her consent.

112. Assailant Evan, by duress and intimidation, caused Plaintiff to engage in sexual, harmful and offensive contact with him, and/or become falsely imprisoned and fear for her life, which include the humiliating acts set forth in previous counts of this Complaint, including, but not limited to, all for the sexual gratification of assailant Evan.

113. The sexual harassment of Plaintiff by defendants proximately caused the plaintiff to suffer extreme humiliation and anxiety, severe emotional distress and mental anguish and other physical and psychological injuries including suppressed and/or repression of memory.

114. Defendants acted either intentionally or recklessly and knew or should have known that the inappropriate sexual touching and other misconduct in their relationships with Plaintiff would result in serious emotional distress to Plaintiff beyond what a normal person could be expected to endure.

115. The misconduct/sexual harassment of defendants alleged herein exceeded all possible bounds of human decency and was outrageous and unacceptable in a civilized society.

116. As a direct and proximate result of the conduct described herein above, Plaintiff has and will continue to suffer physical injury; severe emotional distress and anguish; diminished enjoyment of life; difficulty and an inability to focus; difficulty and an inability to perform work-related tasks; anxiety; depression; humiliation; pain in mind and body; severe embarrassment; is having and has had difficulty living a normal life; has not and will not engage in normal activities; will suffer from behavior patterns and will continue to do so in the future; will in the future be caused to endure severe pain in mind and body; has endured interference with and will continue to endure interference with engaging in her full normal daily activities. Plaintiff's self-esteem and ability to trust others has been substantially impaired, needing to obtain help and treatment from professionals and health care professionals in

general and may incur medical, hospital and psychiatric expenses in amounts yet to be determined.

117. All defendants are responsible for Plaintiff's intentional infliction of emotional distress. All defendants acted carelessly, recklessly, negligently, and grossly negligent, and caused or allowed to be caused great harm to plaintiff through intentional infliction of emotional distress.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against all defendants for compensatory damages for Plaintiff's psychological and emotional distress and damages, loss of standing in her community, damage to her reputation, and her family's unreimbursed out of pocket expenses incurred in response to these circumstances; Punitive damages; Injunctive relief requiring Defendant University to take effective steps to prevent sex-based discrimination and harassment, including sexual assault, in its education programs; fully investigate conduct that may constitute sex-based harassment and/or sexual assault; appropriately respond to all conduct that may constitute sex-based harassment and/or sexual assault; and mitigate the effects of harassment and/or assault including by eliminating any hostile environment that may arise from or contribute to it; statutory interest; costs; and reasonable attorney fees.

### COUNT NINETEEN

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

118. Plaintiff repeats and reiterates all of the allegations contained in the previous counts and/or paragraphs as if set forth at length herein.

119. At all times relevant, assailant Evan, is/was a student at Stockton University who was present on Stockton University's campus.

120. Assailant Evan, by duress and intimidation, caused Plaintiff to experience harmful and offensive contact, sexual harassment, assault, and become falsely imprisoned and fear for her life, which include the humiliating acts set forth in previous counts of this Complaint, including, but not limited to, all for the sexual gratification of assailant Evan.

121. The assault and sexual harassment of Plaintiff by defendants proximately caused the plaintiff to suffer extreme humiliation and anxiety, severe emotional distress and mental anguish and other physical and psychological injuries including suppressed memory and/or repression of memory.

122. Defendants acted negligently, carelessly, and/or recklessly and knew or should have known that the inappropriate touching, assault, battery and other misconduct with Plaintiff would

result in serious emotional distress to Plaintiff beyond what a normal person could be expected to endure.

123. The misconduct/harassment of defendants alleged herein exceeded all possible bounds of human decency and was outrageous and unacceptable in a civilized society.

124. As a direct and proximate result of the conduct described herein above, Plaintiff has and will continue to suffer physical injury; severe emotional distress and anguish; diminished enjoyment of life; difficulty and an inability to focus; difficulty and an inability to perform work-related tasks; anxiety; depression; humiliation; pain in mind and body; severe embarrassment; is having and has had difficulty living a normal life; has not and will not engage in normal activities; will suffer from behavior patterns and will continue to do so in the future; will in the future be caused to endure severe pain in mind and body; has endured interference with and will continue to endure interference with engaging in her full normal daily activities. Plaintiff's self-esteem and ability to trust others has been substantially impaired, needing to obtain help and treatment from professionals and health care professionals in general and may incur medical, hospital and psychiatric expenses in amounts yet to be determined.

125. All defendants are responsible for Plaintiff's intentional infliction of emotional distress. All defendants acted carelessly, recklessly, negligently, and grossly negligent, and caused or allowed to be caused great harm to plaintiff through negligent infliction of emotional distress.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against all defendants for compensatory damages for Plaintiff's psychological and emotional distress and damages, loss of standing in her community, damage to her reputation, and her family's unreimbursed out of pocket expenses incurred in response to these circumstances; Punitive damages; Injunctive relief requiring Defendant University to take effective steps to prevent sex-based discrimination and harassment, including sexual assault, in its education programs; fully investigate conduct that may constitute sex-based harassment and/or sexual assault; appropriately respond to all conduct that may constitute sex-based harassment and/or sexual assault; and mitigate the effects of harassment and/or assault including by eliminating any hostile environment that may arise from or contribute to it; statutory interest; costs; and reasonable attorney fees.

## COUNT TWENTY

### NEGLIGENT HIRING

126. Plaintiff repeats and reiterates all of the allegations contained in the previous counts and/or paragraphs as if set forth at length herein.

127. Defendant Stockton University entrusted Defendants Stockton Employees who hired Defendants Stockton Employees.

128. Defendant Stockton University, as an employer, at the time of hiring employees, Defendant Stockton Employees, had reason to believe, or could have determined by reasonable investigation, that a student was dangerous and/or they were ill-equipped to handle/perform their duties and hired them anyway, which proximately caused injury to A.D. DiCosala v. Kay, 91 N.J. 159, 173-74 (1982).

129. Defendant Stockton University as an employer knew or had reason to know of the particular unfitness, incompetence or dangerous attributes of the Stockton Employees that allowed Evan to harm A.D.

130. Defendants Stockton Employees allowed a risk of harm that was foreseeable and carelessly, negligently, and recklessly disregarded.

131. Defendant Stockton University and Defendants Stockton Employees acted carelessly, recklessly, negligently, and grossly

negligent, and caused or allowed to be caused great harm to plaintiff by assailant Evan.

132. As a direct and proximate result of the conduct described herein above, Plaintiff has and will continue to suffer physical injury; severe emotional distress and anguish; diminished enjoyment of life; difficulty and an inability to focus; difficulty and an inability to perform work-related tasks; anxiety; depression; humiliation; pain in mind and body; severe embarrassment; is having and has had difficulty living a normal life; has not and will not engage in normal activities; will suffer from behavior patterns and will continue to do so in the future; will in the future be caused to endure severe pain in mind and body; has endured interference with and will continue to endure interference with engaging in her full normal daily activities. Plaintiff's self-esteem and ability to trust others has been substantially impaired, needing to obtain help and treatment from professionals and health care professionals in general and may incur medical, hospital and psychiatric expenses in amounts yet to be determined.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against all defendants for compensatory damages for Plaintiff's psychological and emotional distress and damages, loss of standing in her community, damage to her reputation, and

her family's unreimbursed out of pocket expenses incurred in response to these circumstances; Punitive damages; Injunctive relief requiring Defendant University to take effective steps to prevent sex-based discrimination and harassment, including sexual assault, in its education programs; fully investigate conduct that may constitute sex-based harassment and/or sexual assault; appropriately respond to all conduct that may constitute sex-based harassment and/or sexual assault; and mitigate the effects of harassment and/or assault including by eliminating any hostile environment that may arise from or contribute to it; statutory interest; costs; and reasonable attorney fees.

### COUNT TWENTY-ONE

### NEGLIGENT SUPERVISION

133. Plaintiff repeats and reiterates all of the allegations contained in the previous counts and/or paragraphs as if set forth at length herein.

134. Defendants Stockton University, Stockton University Employees, and Resident Assistants were hired and chosen by Defendant Stockton University to protect its student body.

135. Stockton University, Stockton Employees, and Stockton University Associates accepted the responsibility of protecting the student body from harm.

136. Stockton University, Stockton Employees, managers, training staff, and/or supervisors failed to properly monitor the defendant employees. Based on external factors and the entirety of the circumstances, a reasonable person would expect safer level of supervision and protection of its student body.

137. Plaintiff sustained injuries, which was a direct result of the failure to supervise and protect the student body.

138. Defendants Stockton University and Defendant Stockton Employees in their roles failed to maintain and implement a practical sexual harassment/assault policy, which is evidenced by the failures of Stockton employees and Stockton students to report sexual harassment and protect against it.

139. A reasonable employee could have prevented this incident coming and prevented it from happening and/or would have reported the sexual harassment once gaining knowledge of it.

140. If there was proper supervision, plaintiff would not have been sexually harassed by and assaulted by assailant Evan.

141. As a direct and proximate result of the conduct described herein above, Plaintiff has and will continue to suffer physical injury; severe emotional distress and anguish; diminished

enjoyment of life; difficulty and an inability to focus; difficulty and an inability to perform work-related tasks; anxiety; depression; humiliation; pain in mind and body; severe embarrassment; is having and has had difficulty living a normal life; has not and will not engage in normal activities; will suffer from behavior patterns and will continue to do so in the future; will in the future be caused to endure severe pain in mind and body; has endured interference with and will continue to endure interference with engaging in her full normal daily activities. Plaintiff's self-esteem and ability to trust others has been substantially impaired, needing to obtain help and treatment from professionals and health care professionals in general and may incur medical, hospital and psychiatric expenses in amounts yet to be determined.

142. Defendant Stockton University, Defendants Stockton Employees acted carelessly, recklessly, negligently, and grossly negligent, and caused or allowed to be caused great harm to plaintiff by failing to supervise their employees the Defendants Stockton Employees.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against all defendants for compensatory damages for Plaintiff's psychological and emotional distress and damages, loss of standing in her community, damage to her reputation, and

her family's unreimbursed out of pocket expenses incurred in response to these circumstances; Punitive damages; Injunctive relief requiring Defendant University to take effective steps to prevent sex-based discrimination and harassment, including sexual assault, in its education programs; fully investigate conduct that may constitute sex-based harassment and/or sexual assault; appropriately respond to all conduct that may constitute sex-based harassment and/or sexual assault; and mitigate the effects of harassment and/or assault including by eliminating any hostile environment that may arise from or contribute to it; statutory interest; costs; and reasonable attorney fees.

**COUNT TWENTY-TWO**

**NEGLIGENT RETENTION**

143. Plaintiff repeats and reiterates all of the allegations contained in the previous counts and/or paragraphs as if set forth at length herein.

144. At all times relevant, assailant Evan, is/was a student at Stockton University who was present on or about Stockton University's campus.

145. Defendant Stockton University and its employees were aware of assailant Evan's dangerous propensities and failed to act.

146. Defendant Stockton University, retained negligent Defendant Stockton employees after learning of Evan's dangerous conduct and lack of ability to protect the Stockton student body.

147. Defendant Stockton University and Defendants Stockton Employees did not take appropriate action to prevent harm to student body and others, such as the plaintiff A.D.

148. As a result, Stockton University and Defendant Stockton Employees facilitated assailant Evan's predatory and harming behavior.

149. As a direct and proximate result of the conduct described herein above, Plaintiff has and will continue to suffer physical injury; severe emotional distress and anguish; diminished enjoyment of life; difficulty and an inability to focus; difficulty and an inability to perform work-related tasks; anxiety; depression; humiliation; pain in mind and body; severe embarrassment; is having and has had difficulty living a normal life; has not and will not engage in normal activities; will suffer from behavior patterns and will continue to do so in the future; will in the future be caused to endure severe pain in mind and body; has endured interference with and will continue to endure interference with engaging in her full normal daily activities. Plaintiff's self-esteem and ability to trust others has been substantially impaired, needing to obtain help and

treatment from professionals and health care professionals in general and may incur medical, hospital and psychiatric expenses in amounts yet to be determined.

150. Defendant Stockton University, Defendants Stockton Employees acted carelessly, recklessly, negligently, and grossly negligent, and caused or allowed to be caused great harm to plaintiff by retaining their employees after learning of assailant Evan's dangerous propensities.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against all defendants for compensatory damages for Plaintiff's psychological and emotional distress and damages, loss of standing in her community, damage to her reputation, and her family's unreimbursed out of pocket expenses incurred in response to these circumstances; Punitive damages; Injunctive relief requiring Defendant University to take effective steps to prevent sex-based discrimination and harassment, including sexual assault, in its education programs; fully investigate conduct that may constitute sex-based harassment and/or sexual assault; appropriately respond to all conduct that may constitute sex-based harassment and/or sexual assault; and mitigate the effects of harassment and/or assault including by eliminating any hostile environment that may arise from or

contribute to it; statutory interest; costs; and reasonable attorney fees.

## COUNT TWENTY-THREE

### VICARIOUS LIABILITY

151. Plaintiff repeats and reiterates all of the allegations contained in the previous counts and/or paragraphs as if set forth at length herein.

152. At all times relevant, Stockton University, and Stockton Employees were present on or about Stockton University's campus and allowed sexual harassments and assaults to occur.

153. Defendant Stockton University, Defendants Stockton Employees as an employer, hired Stockton Employees to perform services in the affairs of Stockton University and who with respect to the physical conduct in the performance of the services is subject to Stockton University, Defendants Stockton Employees control or right to control.

154. Defendant Stockton University, Defendants Stockton Employees exercised control over the details of the work, by which the distinct business all Defendants were engaged in, holding them vicariously liable for the Defendant Employees' failure to protect the Stockton University student body.

155. Defendants Stockton University, Defendants Stockton Employees did not take appropriate action to prevent harm to others, such as the plaintiff, A.D.

156. As a direct and proximate result of the conduct described herein above, Plaintiff has and will continue to suffer physical injury; severe emotional distress and anguish; diminished enjoyment of life; difficulty and an inability to focus; difficulty and an inability to perform work-related tasks; anxiety; depression; humiliation; pain in mind and body; severe embarrassment; is having and has had difficulty living a normal life; has not and will not engage in normal activities; will suffer from behavior patterns and will continue to do so in the future; will in the future be caused to endure severe pain in mind and body; has endured interference with and will continue to endure interference with engaging in her full normal daily activities. Plaintiff's self-esteem and ability to trust others has been substantially impaired, needing to obtain help and treatment from professionals and health care professionals in general and may incur medical, hospital and psychiatric expenses in amounts yet to be determined.

157. Defendant Stockton University acted carelessly, recklessly, negligently, and grossly negligent, and caused or allowed to be caused great harm to plaintiff by retaining employees Defendant

Stockton Employees is therefore vicariously liable for their actions against the plaintiff.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against all defendants for compensatory damages for Plaintiff's psychological and emotional distress and damages, loss of standing in her community, damage to her reputation, and her family's unreimbursed out of pocket expenses incurred in response to these circumstances; Punitive damages; Injunctive relief requiring Defendant University to take effective steps to prevent sex-based discrimination and harassment, including sexual assault, in its education programs; fully investigate conduct that may constitute sex-based harassment and/or sexual assault; appropriately respond to all conduct that may constitute sex-based harassment and/or sexual assault; and mitigate the effects of harassment and/or assault including by eliminating any hostile environment that may arise from or contribute to it; statutory interest; costs; and reasonable attorney fees.

## COUNT TWENTY-FOUR

### RESPONDEAT SUPERIOR

158. Plaintiff repeats and reiterates all of the allegations contained in the previous counts and/or paragraphs as if set forth at length herein.

159. At all relevant times, all defendant employees of Stockton University, were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

160. As a result, Stockton University, Defendants Stockton Employees facilitated, allowed, and arranged assailant Evan's predatory behavior against plaintiff A.D.

161. Consequently, Stockton University is liable under the doctrine of respondeat superior for their tortious actions of its employees and students.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against all defendants for compensatory damages for Plaintiff's psychological and emotional distress and damages, loss of standing in her community, damage to her reputation, and her family's unreimbursed out of pocket expenses incurred in response to these circumstances; Punitive damages; Injunctive relief requiring Defendant University to take effective steps to prevent sex-based discrimination and harassment, including

sexual assault, in its education programs; fully investigate conduct that may constitute sex-based harassment and/or sexual assault; appropriately respond to all conduct that may constitute sex-based harassment and/or sexual assault; and mitigate the effects of harassment and/or assault including by eliminating any hostile environment that may arise from or contribute to it; statutory interest; costs; and reasonable attorney fees.

## COUNT TWENTY-FIVE

### RATIFICATION

162. Plaintiff repeats and reiterates all of the allegations contained in the previous counts and/or paragraphs as if set forth at length herein.

163. Defendants Stockton Employees were agents, directors, and employees and students of Stockton University.

164. At the time of the acts stated in the Complaint, there was an actual or assumed agency relationship between Defendants Stockton Employees, students, and Stockton University.

165. All acts or omissions alleged of assailant Evan were ratified by Stockton University. Stockton University had investigated and knew of the deviant acts of assailant Evan and Stockton University's, employees, managers, supervisors, executives, and

directors were informed of the harassment and assault of A.D. by assailant Evan. Stockton University refused to take any action to stop him to protect A.D.

166. Moreover, Stockton University's managers, supervisors, executives, and directors hid this information.

167. Despite knowledge of assailant Evan's sexual misconduct, no disciplinary action was taken to deter or prevent this type of misconduct that was known of occurring throughout the Stockton University campus in violation of a court "No Contact" order.

168. As a result, Stockton University, Defendants Stockton Employees facilitated assailant Evan's behavior.

169. Stockton University, is thus responsible for assailant Evan's acts of assault, battery, sexual harassment, false imprisonment, invasion of privacy, and intentional or negligent infliction of emotional distress.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against all defendants for compensatory damages for Plaintiff's psychological and emotional distress and damages, loss of standing in her community, damage to her reputation, and her family's unreimbursed out of pocket expenses incurred in response to these circumstances; Punitive damages; Injunctive relief requiring Defendant University to take effective steps to prevent sex-based discrimination and harassment, including

sexual assault, in its education programs; fully investigate conduct that may constitute sex-based harassment and/or sexual assault; appropriately respond to all conduct that may constitute sex-based harassment and/or sexual assault; and mitigate the effects of harassment and/or assault including by eliminating any hostile environment that may arise from or contribute to it; statutory interest; costs; and reasonable attorney fees.

**COUNT TWENTY-SIX**

**FAILURE TO WARN/MISREPRESENTATION**

170. Plaintiff repeats and reiterates all of the allegations contained in the previous counts and/or paragraphs as if set forth at length herein.

171. Defendant Stockton University, failed to do their due diligence, which would have revealed to the Stockton student body information about the dangers of sexual harassment and assault.

172. Defendant Stockton University, failed to take even minimal efforts to determine whether assailant Evan was a threat to the student body and protect against it.

173. As a direct and proximate result of the conduct described herein above, Plaintiff has and will continue to suffer physical injury; severe emotional distress and anguish; diminished

enjoyment of life; difficulty and an inability to focus; difficulty and an inability to perform work-related tasks; anxiety; depression; humiliation; pain in mind and body; severe embarrassment; is having and has had difficulty living a normal life; has not and will not engage in normal activities; will suffer from behavior patterns and will continue to do so in the future; will in the future be caused to endure severe pain in mind and body; has endured interference with and will continue to endure interference with engaging in her full normal daily activities. Plaintiff's self-esteem and ability to trust others has been substantially impaired, needing to obtain help and treatment from professionals and health care professionals in general and may incur medical, hospital and psychiatric expenses in amounts yet to be determined.

174. Stockton University after learning of assailant Evan's dangerous propensities and failing to warn the plaintiff is therefore vicariously liable for assailant Evan's actions against the plaintiff.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against all defendants for compensatory damages for Plaintiff's psychological and emotional distress and damages, loss of standing in her community, damage to her reputation, and her family's unreimbursed out of pocket expenses incurred in

response to these circumstances; Punitive damages; Injunctive relief requiring Defendant University to take effective steps to prevent sex-based discrimination and harassment, including sexual assault, in its education programs; fully investigate conduct that may constitute sex-based harassment and/or sexual assault; appropriately respond to all conduct that may constitute sex-based harassment and/or sexual assault; and mitigate the effects of harassment and/or assault including by eliminating any hostile environment that may arise from or contribute to it; statutory interest; costs; and reasonable attorney fees.

## COUNT TWENTY-SEVEN

### NEGLIGENCE

175. Plaintiff repeats and reiterates all of the allegations contained in the previous counts and/or paragraphs as if set forth at length herein.

176. Defendant Stockton University owed a duty of a reasonable care to A.D. to exercise reasonable care in providing of proper accommodations and bodily safety for A.D. on Stockton's campus.

177. Defendant Stockton University did not conduct itself as a reasonably careful person would under like circumstances and caused or allowed to be caused great harm to plaintiff. Defendant Stockton University had a heightened duty of care to

A.D. because of the inherent risk and prior history of sexual harassment that was already made known to Stockton University.

178. Defendant Stockton University breached their legal duty to A.D. and failed to exercise reasonable care, and acted with reckless, willful, and wanton disregard for her safety.

179. Defendants knew or should have known that their wanton or reckless conduct would result in a foreseeable injury to A.D.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against all defendants for compensatory damages for Plaintiff's psychological and emotional distress and damages, loss of standing in her community, damage to her reputation, and her family's unreimbursed out of pocket expenses incurred in response to these circumstances; Punitive damages; Injunctive relief requiring Defendant University to take effective steps to prevent sex-based discrimination and harassment, including sexual assault, in its education programs; fully investigate conduct that may constitute sex-based harassment and/or sexual assault; appropriately respond to all conduct that may constitute sex-based harassment and/or sexual assault; and mitigate the effects of harassment and/or assault including by eliminating any hostile environment that may arise from or contribute to it; statutory interest; costs; and reasonable attorney fees.

## COUNT TWENTY-EIGHT

### GROSS NEGLIGENCE

180. Plaintiff repeats and reiterates all of the allegations contained in the previous counts and/or paragraphs as if set forth at length herein.

181. Defendant Stockton University owed a heightened duty to A.D. to exercise reasonable care in providing for proper accommodations of health, safety, welfare, and a bodily safety for A.D. on Stockton's campus.

182. Defendant Stockton University acted negligently, grossly negligent, careless, and reckless, and caused or allowed to be caused great harm to plaintiff by allowing assailant Evan, Defendant Stockton University had a heightened duty of care to A.D. because of the inherent risk and prior history of harassment and assaults that was already made known to Stockton University.

183. Defendant Stockton University breached their legal duty to A.D. and failed to exercise reasonable care, and acted with reckless, willful, and wanton disregard for her safety.

184. Defendants knew or should have known that their wanton or reckless conduct would result in a foreseeable injury to A.D.

   WHEREFORE, Plaintiff respectfully requests judgment in her favor and against all defendants for compensatory damages for

Plaintiff's psychological and emotional distress and damages, loss of standing in her community, damage to her reputation, and her family's unreimbursed out of pocket expenses incurred in response to these circumstances; Punitive damages; Injunctive relief requiring Defendant University to take effective steps to prevent sex-based discrimination and harassment, including sexual assault, in its education programs; fully investigate conduct that may constitute sex-based harassment and/or sexual assault; appropriately respond to all conduct that may constitute sex-based harassment and/or sexual assault; and mitigate the effects of harassment and/or assault including by eliminating any hostile environment that may arise from or contribute to it; statutory interest; costs; and reasonable attorney fees.

**COUNT TWENTY-NINE**

**WILLFUL, WANTON, RECKLESS CONDUCT**

185. Plaintiff repeats and reiterates all of the allegations contained in the previous counts and/or paragraphs as if set forth at length herein.

186. Defendant Stockton University owed a heightened duty to A.D. to exercise reasonable care in providing of proper accommodations and bodily safety for A.D. on Stockton's campus.

187. Defendant Stockton University acted carelessly, recklessly, negligently, and grossly negligent, and caused or allowed to be caused great harm to plaintiff. Defendant Stockton University had a heightened duty of care to A.D. because of the inherent risk and prior history of sexual harassments and assaults that were already made known to Stockton University.

188. Defendant Stockton University breached their legal duty to A.D. and failed to exercise reasonable care, and acted with reckless, willful, and wanton disregard for her safety.

189. Defendants knew or should have known that their wanton or reckless conduct would result in a foreseeable injury to A.D.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against all defendants for compensatory damages for Plaintiff's psychological and emotional distress and damages, loss of standing in her community, damage to her reputation, and her family's unreimbursed out of pocket expenses incurred in response to these circumstances; Punitive damages; Injunctive relief requiring Defendant University to take effective steps to prevent sex-based discrimination and harassment, including sexual assault, in its education programs; fully investigate conduct that may constitute sex-based harassment and/or sexual assault; appropriately respond to all conduct that may constitute sex-based harassment and/or sexual assault; and

mitigate the effects of harassment and/or assault including by eliminating any hostile environment that may arise from or contribute to it; statutory interest; costs; and reasonable attorney fees.

**COUNT THIRTY**

**DELAYED DISCOVERY - EQUITABLE ESTOPPEL**

190. Plaintiff repeats and reiterates all of the allegations contained in the previous counts and/or paragraphs as if set forth at length herein.

191. Plaintiff pleads delayed discovery and/or repressed memory of the harm and thus a delay in the accrual of her claims against all parties. Plaintiff contends that the Statute of Limitations shall be tolled in accordance with the laws of the State of New Jersey, including, but not limited to, N.J.S.A. 2A:61B-1, et seq., (reasonable discovery of the injury and its causal relationship to the act of sexual harassment hereinafter referred to as "delayed discovery"), and/or N.J.S.A. 2A:14-21, et seq., (mental state, insanity, insanity and/or lacking the ability and/or capacity due to mental infliction, to pursue Plaintiffs' lawful rights), and/or duress, and/or equitable grounds.

192. Plaintiff had no notice or information of circumstances to put her on inquiry notice of the identity of all Defendants, meaning their "sameness and oneness" in conjunction with the sexual harassment and assault perpetrated by Evan Robins.

193. Plaintiff had not factually ascertained, nor could she have reasonably ascertained, suspected or comprehended the identity of all Defendants as tortfeasors or corporate defendants which were in any way responsible for the alleged negligent, reckless, and/or purposeful human behavior manifested as sexual harassment and assault by Defendant Evan Robins.

194. Plaintiff had not factually ascertained, or suspected, nor could she have reasonably ascertained the actual or appreciable harm to her, constituting an indispensable element of any cause of action against all Defendants, related to the alleged negligent, reckless, and/or purposeful human behavior manifested as sexual harassment and assault by Defendant Evan Robins.

195. Plaintiff reasonably had no awareness that all Defendants in any capacity were potential tortfeasors, at any time and therefore, had no incentive to sue all of the Defendants, because of Evan Novak's sexual harassment and assault between he, a fellow Stockton student and plaintiff A.D.

196. As a result of the acts perpetrated by Defendants against plaintiff, plaintiff became, at the time of the sexual harassment, and thereafter, chronically depressed, fearful, worried, guilt-ridden, and shameful, and did not contemplate all Defendants, as tortfeasors.

197. Plaintiff was not at fault for lack of due diligence, or otherwise, for failing to discover that all Defendants, failed to properly supervise and failed to take proper action relative to the behavior of Defendant Evan Robins.

198. All Defendants, are equitably estopped from asserting a statutory defense against plaintiff since the Statute of Limitations for negligence and all other torts only began to run at the time of reasonable discovery.

199. At no time did plaintiff have actual or presumptive knowledge or suspicion of any facts sufficient to put her on notice that all Defendants, had engaged in acts or conduct or failed to properly conduct themselves so as to cause permanent serious physical and mental injury to plaintiff.

200. All Defendants failed to supervise, monitor, suspend and/or expel Defendant Evan Robins in light of the notice of inappropriate conduct.

201. All Defendants, further breached their fiduciary duty to
     plaintiff to provide her a safe haven, by failing to take any
     action upon notice, constructive or otherwise, of Evan Robin's
     conduct, as alleged in all counts of this complaint.

202. Had all Defendants, adequately performed their duties to
     properly employ, monitor, and supervise Evan Robins and Mr. and
     Mrs. Robins, plaintiff would not have been subject to all, or
     some, of the sexually inappropriate harassment and assault of
     Evan Robins.

203. As a direct and proximate result of the conduct described herein
     above, plaintiff has suffered physical injury; severe emotional
     distress; diminished enjoyment of life; diminished enjoyment of
     childhood; difficulty and an inability to focus; difficulty and
     an inability to perform educational tasks; anxiety; depression;
     humiliation; pain in mind and body; severe embarrassment; is
     having and has had difficulty living a normal life; is and has
     not engaged in normal development and activities; suffers from
     behavior patterns and will continue to do so in the future; will
     in the future be caused to endure severe pain in mind and body;
     has endured interference with and will continue to endure
     interference with engaging in his full normal daily activities.
     Plaintiff's self-esteem and ability to trust others has been

substantially impaired, making it difficult to obtain help and treatment from professionals and health care professionals in general and may incur medical, hospital and psychiatric expenses in amounts yet to be determined.

204. As a direct and proximate result of the conduct described herein above, Plaintiff has and will continue to suffer physical injury; severe emotional distress and anguish; diminished enjoyment of life;; difficulty and an inability to focus; difficulty and an inability to perform work-related tasks; anxiety; depression; humiliation; pain in mind and body; severe embarrassment; is having and has had difficulty living a normal life; has not and will not engage in normal activities; will suffer from behavior patterns and will continue to do so in the future; will in the future be caused to endure severe pain in mind and body; has endured interference with and will continue to endure interference with engaging in her full normal daily activities. Plaintiff's self-esteem and ability to trust others has been substantially impaired, needing to obtain help and treatment from professionals and health care professionals in general and may incur medical, hospital and psychiatric expenses in amounts yet to be determined.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against all defendants for compensatory damages for

Plaintiff's psychological and emotional distress and damages, loss of standing in her community, damage to her reputation, and her family's unreimbursed out of pocket expenses incurred in response to these circumstances; Punitive damages; Injunctive relief requiring Defendant University to take effective steps to prevent sex-based discrimination and harassment, including sexual assault, in its education programs; fully investigate conduct that may constitute sex-based harassment and /or sexual assault; appropriately respond to all conduct that may constitute sex-based harassment and /or sexual assault; and mitigate the effects of harassment and/or assault including by eliminating any hostile environment that may arise from or contribute to it; statutory interest; costs; and reasonable attorney fees.

## COUNT THIRTY-ONE

### PUNITIVE DAMAGES

205. Plaintiff repeats and reiterates all of the allegations contained in the previous counts and/or paragraphs as if set forth at length herein.

206. The New Jersey Punitive Damages Act, N.J.S.A. 2A:15-5.9, punitive damages may be awarded to the plaintiff only if he or she proves, by clear and convincing evidence that the harm

suffered was the result of the Defendants' acts of actual malice, which involved public policy and social concerns Defendants, all, individually and jointly, acted with malice, fraud, wantonness, oppression, and willful misconduct, with the specific intent to cause harm.

207. The Defendants' conduct had a very serious likelihood that serious harm would arise to plaintiff.

208. The Defendants had awareness, careless, negligent, or reckless disregard of the likelihood that such serious harm would arise from his conduct.

209. The harm suffered was the result of the Defendants' acts of actual malice, which involved public policy and social concerns, alleged herein exceeded all possible bounds of human decency and was outrageous and unacceptable in a civilized society.

210. The aforementioned conduct of Defendants is so outrageous in character, and so extreme in degree to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community, thereby rising to the level of willful, wanton, knowing, and intentional misconduct under the Punitive Damages Act.

211. Defendant Stockton University had no proper implementation of a functional sexual harassment policy to protect students in place at the time of the harassment and assault.

212. Even if Stockton University did have a token policy in place, it is clear based on the events of the case that it was not enforced or taught properly and supported with adequate training courses. This is equal to not having a policy at all.

213. The lack of a policy is evident by the reported incidents to Stockton police of sexual harassment on and off campus to the Stockton campus with Stockton students.

214. As a direct and proximate result of the intentional, extreme and outrageous conduct of Defendants, plaintiff was caused to sustain serious, life threatening, permanent physical injuries.

215. As a direct and proximate result of the conduct described herein above, Plaintiff has and will continue to suffer physical injury; severe emotional distress and anguish; diminished enjoyment of life; difficulty and an inability to focus; difficulty and an inability to perform work-related tasks; anxiety; depression; humiliation; pain in mind and body; severe embarrassment; is having and has had difficulty living a normal life; has not and will not engage in normal activities; will suffer from behavior patterns and will continue to do so in the future; will in the future be caused to endure severe pain in mind and body; has endured interference with and will continue to endure interference with engaging in her full normal daily activities. Plaintiff's self-esteem and ability to trust others

has been substantially impaired, needing to obtain help and treatment from professionals and health care professionals in general and may incur medical, hospital and psychiatric expenses in amounts yet to be determined.

216. Defendant Stockton University acted carelessly, recklessly, negligently, and grossly negligent, and caused or allowed to be caused great harm to plaintiff by retaining Stockton Employees who had learned of the dangerous propensities associated with the sexual assaults and failed to warn the plaintiff, and is therefore vicariously liable for assailant Evan actions against the plaintiff.

## COUNT THIRTY-TWO

### FICTITIOUS PARTIES

217. Plaintiff repeats and reiterates all of the allegations contained in the previous counts and/or paragraphs as if set forth at length herein.

218. JANE AND JOHN DOES (1-20) (Fictitious Individuals) and ABC CORPORATIONS (A-Z) (Fictitious Entities); are fictitious names for persons or entities which have not yet been identified but whose identities will be supplemented when ascertained by the plaintiff.

219. Said defendants may have played a role in the harm suffered by plaintiff.

220. Plaintiffs hereby reserve their right to amend the Complaint as a result of pleading such fictitious parties.

221. John and Jane Does (1-20) and ABC Corporations (A-Z) are individuals who may have taken action or inaction that resulted in harm against the Plaintiff but as are yet unknown or not yet necessarily germane to the allegations alleged in the complaint.

222. As a direct and proximate result of the conduct described herein above, Plaintiff has and will continue to suffer physical injury; severe emotional distress and anguish; diminished enjoyment of life; difficulty and an inability to focus; difficulty and an inability to perform work-related tasks; anxiety; depression; humiliation; pain in mind and body; severe embarrassment; is having and has had difficulty living a normal life; has not and will not engage in normal activities; will suffer from behavior patterns and will continue to do so in the future; will in the future be caused to endure severe pain in mind and body; has endured interference with and will continue to endure interference with engaging in her full normal daily activities. Plaintiff's self-esteem and ability to trust others has been substantially impaired, needing to obtain help and treatment from professionals and health care professionals in

general and may incur medical, hospital and psychiatric expenses in amounts yet to be determined.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against all defendants for compensatory damages for Plaintiff's psychological and emotional distress and damages, loss of standing in her community, damage to her reputation, and her family's unreimbursed out of pocket expenses incurred in response to these circumstances; Punitive damages; Injunctive relief requiring Defendant University to take effective steps to prevent sex-based discrimination and harassment, including sexual assault, in its education programs; fully investigate conduct that may constitute sex-based harassment and/or sexual assault; appropriately respond to all conduct that may constitute sex-based harassment and/or sexual assault; and mitigate the effects of harassment and/or assault including by eliminating any hostile environment that may arise from or contribute to it; statutory interest; costs; and reasonable attorney fees.

## COUNT THIRTY-THREE

### CIVIL CONSPIRACY OF STOCKTON EMPLOYEES, ITS MEMBERS AND ASSOCIATES, AND STOCKTON UNIVERSITY

223. Plaintiff repeats and reiterates all of the allegations contained in the previous counts and/or paragraphs as if set forth at length herein.

224. Stockton Employees and its members and associates entered into an agreement with other members for the purpose of concealing the sexual harassment and assault of A.D. The Stockton Employees agreed to do so, thereby putting Plaintiff in severe physical and personal harm.

225. Defendant Stockton University Employees, Defendant Evan and John Does 1 -20 took steps to further conspire to sexually assault A.D., and protect the Defendant Evan by concealing the allegations of sexual harassment and assault undermining the integrity of the Title IX hearing.

226. Defendants did in fact commit the above acts against Plaintiff.

227. In furtherance of said conspiracy with each other Defendants and John Does 1-20 committed these tortuous acts.

228. Above Defendants were acting in the course of their agency relationship as Stockton Employees when said tortuous acts were committed.

92

229. In furtherance of the authority given to them by Defendant Stockton University, the University employees used their position of power to suppress and under-report the sexual harassment and assault of A.D. by assailant Evan in direct violation of Federal statutory regulations.

230. Plaintiff suffered substantial harm because of the civil conspiracy by Defendant Stockton Employes, its members, and associates.

231. Defendants are directly and collectively liable for the aforementioned actions of the members/associates of Stockton Employees and Defendants are directly and vicariously liable for the aforesaid acts of its members and associates.

232. As a direct and proximate result of the Defendants' civil conspiracy the Plaintiff has and will continue to suffer physical injury; severe emotional distress and anguish; diminished enjoyment of life;; difficulty and an inability to focus; difficulty and an inability to perform work-related tasks; anxiety; depression; humiliation; pain in mind and body; severe embarrassment; is having and has had difficulty living a normal life; has not and will not engage in normal activities; will suffer from behavior patterns and will continue to do so in the future; will in the future be caused to endure severe pain in mind and body; has endured interference with and will

continue to endure interference with engaging in her full normal daily activities. Plaintiff's self-esteem and ability to trust others has been substantially impaired, needing to obtain help and treatment from professionals and health care professionals in general and may incur medical, hospital and psychiatric expenses in amounts yet to be determined.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against all defendants for compensatory damages for Plaintiff's psychological and emotional distress and damages, loss of standing in her community, damage to her reputation, and her family's unreimbursed out of pocket expenses incurred in response to these circumstances; Punitive damages; Injunctive relief requiring Defendant University to take effective steps to prevent sex-based discrimination and harassment, including sexual assault, in its education programs; fully investigate conduct that may constitute sex-based harassment and /or sexual assault; appropriately respond to all conduct that may constitute sex-based harassment and /or sexual assault; and mitigate the effects of harassment and/or assault including by eliminating any hostile environment that may arise from or contribute to it; statutory interest; costs; and reasonable attorney fees.

## COUNT THIRTY-FOUR

### Stockton University Violations of IDEA AND SECTION 504

208. Plaintiff incorporates by reference all preceding paragraphs in this Complaint.

209. Defendants had an obligation under the IDEA and Section 504 to provide A.D. with a safe and appropriate educational environment in which she would be able to make meaningful educational progress consistent with her ability.

210. Defendants had an obligation under the IDEA and Section 504 to provide A.D. with a free appropriate public education ("FAPE"), including appropriate educational evaluations and Individualized Education Programs at all times relevant to this Complaint.

52. The Defendants' failure to meet these obligations to A.D. violated his right to FAPE under the IDEA and Section 504.

## COUNT THIRTY-FIVE

### Stockton University Violations of the Americans with Disabilities Act

211. Plaintiffs incorporate by reference all paragraphs in this Complaint.

212. Despite her disabilities, A.D. was at all times relevant to this Complaint a student who is otherwise qualified to participate in the Defendants' educational programs with appropriate

instruction, accommodations and supplemental supports for purposes of the ADA.

213. Defendants failed to provide A.D. with appropriate educational and related services, accommodations and supplemental services which she required in order to have access to the Defendants' programs and services and to make appropriate developmental and educational progress equal to that provided to students without disabilities.

214. Defendants' failure to provide a safe, appropriate educational environment for A.D. and to properly accommodate her disabilities has exacerbated the impact of her disabilities; interfered with her ability to communicate with others and to meaningfully participate with typically developing peers; and deferred her ability to engage and be included in age-appropriate social, educational and vocational programs, opportunities and services to which she would have had access if she had received appropriate related services and accommodations in a timely and effective manner, thus excluding her from the mainstream of her school, her community, her family, and to equal access to educational benefits.

215. Defendants owed A.D. the duty of care to refrain and protect her from physical and mental abuse in accordance with the ADA.

216. Upon information and belief, Defendants have discriminated against A.D. because of her disability, as set forth herein, and further by failing to provide her with the same protections that other students were provided by failing to protect her from the attack on her at school as described above.

217. The Defendants' actions constituted discrimination against her on the basis of her disability in violation of the ADA.

218. As a result of these violations, Plaintiffs suffered damages as described herein.

219. Defendants are directly and collectively liable for the c aforementioned actions of the members/associates of Stockton Employees and Defendants are directly liable for the aforesaid acts of its members and associates.

220. As a direct and proximate result of the Defendants' violations of the ADA the Plaintiff has and will continue to suffer physical injury; severe emotional distress and anguish; diminished enjoyment of life;; difficulty and an inability to focus; difficulty and an inability to perform work-related tasks; anxiety; depression; humiliation; pain in mind and body; severe embarrassment; is having and has had difficulty living a normal life; has not and will not engage in normal activities; will suffer from behavior patterns and will continue to do so in the future; will in the future be caused to endure severe pain in mind

and body; has endured interference with and will continue to endure interference with engaging in her full normal daily activities. Plaintiff's self-esteem and ability to trust others has been substantially impaired, needing to obtain help and treatment from professionals and health care professionals in general and may incur medical, hospital and psychiatric expenses in amounts yet to be determined.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against all defendants for compensatory damages for Plaintiff's psychological and emotional distress and damages, loss of standing in her community, damage to her reputation, and her family's unreimbursed out of pocket expenses incurred in response to these circumstances; Punitive damages; Injunctive relief requiring Defendant University to take effective steps to prevent sex-based discrimination and harassment, including sexual assault, in its education programs; fully investigate conduct that may constitute sex-based harassment and /or sexual assault; appropriately respond to all conduct that may constitute sex-based harassment and /or sexual assault; and mitigate the effects of harassment and/or assault including by eliminating any hostile environment that may arise from or contribute to it; statutory interest; costs; and reasonable attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. For a declaration that Defendants' actions, policies, and practices as alleged herein are unlawful;

2. For all other compensation denied or lost to Plaintiff by reason of Defendants' unlawful actions, in an amount to be proven at trial;

3. For compensatory damages for Plaintiff's emotional pain and suffering, in an amount to be proven at trial;

4. For punitive damages in an amount to be determined at trial;

5. For liquidated damages;

6. For interest on lost wages, compensation, and damages, including pre- and post-judgment interest and an upward adjustment for inflation;

7. For an order enjoining Defendants from engaging in the unlawful acts complained of herein;

8. For reasonable attorneys' fees and costs of suit pursuant to 42 U.S.C. §2000e-5(k), New Jersey Revised Statutes §10:5-27.1, and other laws; and

9. For such other and further relief as this Court deems just and proper.

FUGGI LAW FIRM, P.C.

ROBERT R. FUGGI, JR., ESQ.

DATE:

## JURY DEMAND

Plaintiff hereby demands a trial by a jury on all of the issues contained herein.

FUGGI LAW FIRM, P.C.



ROBERT R. FUGGI, JR., ESQ.

## DESIGNATION OF TRIAL COUNSEL

ROBERT R. FUGGI, JR., ESQ., is hereby designated as trial counsel in this matter.

FUGGI LAW FIRM, P.C.



ROBERT R. FUGGI, JR., ESQ.

## PLAINTIFF'S DEMAND FOR DAMAGES

Plaintiff hereby demands damages from Defendants in an amount to be determined at the time of trial.

FUGGI LAW FIRM, P.C.



ROBERT R. FUGGI, JR., ESQ.

## CERTIFICATION

Pursuant to Rule 4:5-1, it is hereby certified that the matter in controversy is not the subject of any other action pending in any Court or arbitration proceeding and plaintiff does not contemplate any other action or Arbitration proceeding.

I certify that the foregoing statements made by me are true and correct to the best of my knowledge and information. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

FUGGI LAW FIRM, P.C.



ROBERT R. FUGGI, JR., ESQ.

## DEMAND FOR ANSWERS TO INTERROGATORIES

Plaintiff(s) hereby make(s) demand for fully responsive answers to New Jersey Court Rules Appendix II, Form C answers within sixty (60) days of the date of service of this Complaint.

In answering, please consider the events alleged in this Complaint as the accident or occurrence and to which such questions relate. Please give specific information in your answers and not merely references to medical, police or other records or reports.

FUGGI LAW FIRM, P.C.



ROBERT R. FUGGI, JR., ESQ.

## NOTICE TO PRODUCE

Pursuant to the Rules of Court, the undersigned requests that you produce the following documents and other items for inspection and copying at the offices of FUGGI LAW FIRM, P.C. 47 Main Street, Toms River, New Jersey 08753, within 30 days. You may comply with this request by mailing legible copies of the documents.

1. All written statements made and/or signed by any party Defendant or their agent, servant or employee, relative to reports made to any Defendant(s) their agent(s), servant(s) or employee(s) relative to any act or behavior of Defendants involving harassment, assault and intention infliction of emotional distress.

2. All written statements made and/or signed by the party serving this request or by any agent or employee of the party serving this request.

3. All written evidence of any oral statements made by the party serving this request or by any agent or employee of the party serving this request.

4. All charts, drawings, illustrations, diagrams, and other documents that you or your attorneys intend to exhibit to the jury or introduce into evidence at the trial of this action.

5. All records pertaining to any tests, inspections and examinations performed with respect to any object, thing, or substance relevant to this action. This refers to tests and examinations performed by persons other than you, your attorneys, or anyone acting on your behalf.

6. All documents that you or your attorneys supplied to any experts who will be called as witnesses on your behalf at the trial of this action.

7. All videos and films that you or your attorneys intend to exhibit to the jury or introduce into evidence at the trial of this action.

8. The written reports of all experts who you or your attorneys intend to call as witnesses on your behalf at the trial of this action.

9. Copies of any and all Complaints filed in this State or any other against any of the Defendants arising out of allegations of assault, general negligence, or intentional infliction of emotional distress.

10. All police reports relative to any action or behavior engaged in by Defendant or any Defendant, their agent servant or employee, from date of hiring to present.
11. All interrogatories, and Notices to Produce previously answered by you in this action. All depositions noticed by you or taken of you.

FUGGI LAW FIRM, P.C.

ROBERT R. FUGGI, JR., ESQ.

103